UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BURTON,

    Plaintiff,

v.   CASE NO. 8:23-cv-1372-CEH-SPF

UNITED STATES OF AMERICA,
DENNIS RICHARD MCDONOUGH,
and DEPTARMENT OF VETERANS
AFFAIRS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and Plaintiff's request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

    **I.    BACKGROUND**

Plaintiff filed a Complaint alleging causes of action against the United States of America, the Department of Veterans Affairs ("VA"), and Dennis McDonough, the Secretary of the VA, for the "VA's negligent administration of benefits" (Doc. 1 at 2). Plaintiff attempts to raise claims pursuant to: (1) the Age Discrimination Act of 1975, 42 U.S.C. § 6102 ("ADA"); (2) 42 U.S.C. §§ 1985(3) and 1986; and (3) the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA").

Plaintiff alleges that he was denied participation in the Veteran Rapid Retraining Assistance Program ("VRRAP") because of his age (Doc. 1, ¶ 1).[1]  The VRRAP program limits participation in the program to veterans between the ages of twenty-two and sixty-six years old (*Id.*).  Plaintiff was sixty-seven years old when he applied for the VRRAP benefits on September 7, 2022 (*Id.*).  Plaintiff also alleges that Defendants "conspired to deprive [Plaintiff] of equal protection" due to his race (*Id.*, ¶ 8).  Plaintiff alleges that VA records disclosed as a result of separate FOIA litigation reveal a "statistically significant difference in VA disability compensation claim determinations based on race" between 2001 and 2020 (*Id.*, ¶¶ 10–11).  Specifically, Plaintiff states that the records reveal that "VA was more likely to reject applications of Black veterans than of white veterans." (*Id.*, ¶ 11).  Plaintiff avers that there is a "pervasive and systematic ageism and racial bias affecting his eligibility for veterans' benefits." (*Id.*, ¶ 24).

As a result of the foregoing, Plaintiff seeks relief under the ADA for age discrimination, relief under 42 U.S.C. §§ 1985(3) and 1986 for racial discrimination, and relief under the FTCA for negligence, negligent infliction of emotional distress, and negligent supervision for Defendants' alleged failure to administer benefits in a non-discriminatory manner (*Id.* at 9–12).

## II.  STANDARD

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that

---

[1] The VRRAP was enacted in the American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 8006, 135 Stat. 4, 113 (codified as amended at 38 U.S.C. note prec. § 3001).

includes a statement of all assets such person possesses and establishes that the person cannot pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307.

Additionally, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F.

App'x 846, 848 (2015).[2] Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

Under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Lastly, a federal court "must zealously insure that jurisdiction exists over a case" since a federal court is "powerless to act beyond its statutory grant of subject matter jurisdiction." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

## III.  DISCUSSION

Upon review of Plaintiff's filings, it appears he is financially eligible to proceed *in forma pauperis* (Doc. 2). The Court, however, recommends dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.[3] In particular, Plaintiff's claims are precluded by the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 511.

Federal district courts lack subject matter jurisdiction over claims involving VA benefits or procedures. The VJRA provides, in relevant part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court.

---

[3] There are potentially additional issues with Plaintiff's complaint, including the fact that it is likely a shotgun pleading because it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 793 F.3d 1313, 1323 (11th Cir. 2015). The Court does not address these issues because this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

38 U.S.C. § 511(a). Benefits decisions by the Secretary may be appealed only to the Board of Veterans' Appeals, *id.* at § 7104(a), then to the United States Court of Appeals for Veterans Claims, *id.* at §§ 7252(a), 7266(a), then to the United States Court of Appeals for the Federal Circuit, *id.* at § 7292(a),(c), and, finally, to the United States Supreme Court, *id.* at § 7292(c); *see also Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996). This Court, therefore, has no jurisdiction over challenges involving benefits decisions by the Secretary.

Although Plaintiff couches his claims in tort and constitutional terms, his claims are, in essence, challenges to the VA's denial of benefits. This is insufficient to circumvent the VJRA's divestiture of jurisdiction. *See Andrews v. Sec'y, Dep't of Veterans Affairs*, 845 F. App'x 880, 883–84 (11th Cir. 2021) (stating that the "VJRA is broad" and that "'courts have consistently held' that its scope extends to constitutional or tort claims 'whose resolution would require the court to intrude upon the VA's exclusive jurisdiction'") (quoting *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000)); *see also Duffy v. Bates*, No. 1:15cv37-MW/GRJ, 2015 WL 1346196, at *3 (N.D. Fla. Mar. 24, 2015) ("The VJRA also broadly divests federal courts of jurisdiction to review constitutional claims related to VA benefits and procedures.") (citing *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 535 (11th Cir. 1996)); *Slater v. U.S. Dep't of Veteran Affairs*, No. 6:08-cv-160-Orl-22GJK, 2008 WL 977225, at *6 (M.D. Fla. Apr. 9, 2008) ("This Court finds that Congress clearly intended to preclude district court jurisdiction over VA decisions relating to individual benefits, including claims disguised as a constitutional attack.").

Furthermore, Plaintiff cannot avoid the application of the VJRA through artful pleading. Although—in one paragraph of the Complaint—Plaintiff states that he has no interest in relitigating his individual benefits requests and instead seeks to merely "hold VA accountable for its illegal, tortious, and racially discriminatory and [ageist] administration of benefits" (Doc. 1, ¶ 28), Plaintiff nonetheless seeks individual relief based on the allegedly improper denial of his individual benefits claims. As a result, this Court lacks subject matter jurisdiction. *See Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1326 (N.D. Ala. 2016) (where plaintiff alleged that "racial disparity played into the decisions affecting his benefits," the court lacked jurisdiction because the "claim for unequal treatment concerns, in substance, the handling of Plaintiffs' benefits claims"); *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002) (no subject matter jurisdiction where plaintiff alleged that the VA treated veterans differently based on race because, under the VJRA, the court "simply lack[ed] jurisdiction to review the VA's handling and processing of the plaintiffs' benefits claims"); *Rosario Gonzalez v. United States*, 898 F. Supp. 2d 410, 429 (D.P.R. 2012) ("Plaintiffs cannot circumvent the exclusive Title 38 procedures . . . by purporting to challenge systemic defects in VA programs or practices as distinguished from discrete VA actions or decisions."), *vacated on other grounds*, 544 F. App'x 5 (1st Cir. 2013); *see also Andrews*, 845 F. App'x at 884 ("The VJRA's applicability—and conversely a district court's jurisdiction—depends on the gravamen of the claim, rather than its label.").

All five of Plaintiff's claims stem from benefits determinations. Plaintiff's first claim for relief, pursuant to 42 U.S.C. §§ 1985(3) and 1986, alleges that Defendants

7

conspired to deprive Plaintiff of equal protection while acting with a racially discriminatory animus (Doc. 1, ¶¶ 8–18, 37–38). Though Plaintiff attempts to characterize the claim in constitutional terms, Plaintiff is not challenging the constitutionality of a particular act of Congress. Rather, Mr. Burton is challenging the constitutionality of the VA's procedures in determining Plaintiff's individual benefits claim (*Id.*).

Plaintiff's third, fourth, and fifth claims for relief are brought pursuant to the FTCA. The FTCA provides that the federal district courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1). The FTCA makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The VJRA does not preclude judicial review of FTCA claims when the Court can "adjudicate those claims without determining first whether [the plaintiff] was entitled to a certain level of benefits." *Peeples v. U.S. Dep't of Veterans Affairs*, No. 8:16-cv-528-T-23AAS, 2016 WL 7383357, at *3 (M.D. Fla. Nov. 30, 2016) (citations and quotations omitted).

Here, Plaintiff attempts to bring claims for negligence, negligent infliction of emotional distress, and negligent supervision pursuant to the FTCA. Yet each of these claims alleges negligence related to the administration of benefits. Plaintiff's third claim for relief alleges Defendants breached their duty of care to "administer veterans' benefits in a non-discriminatory manner" (Doc. 1, ¶ 42); Plaintiff's fourth claim for relief alleges negligent infliction of emotional distress as a result of "[t]he failure of VA officials and

8

employees to maintain a racially neutral system of administering benefits" (*Id.*, ¶ 49); and Plaintiff's fifth claim for relief alleges negligent supervision because "VA officials failed to instruct VA staff on how to distribute benefits in a racially neutral way" (*Id.*, ¶ 55). Accordingly, the "gravamen" of each of Plaintiff's claims is a challenge to the VA's administration of benefits. *Andrews*, 845 F. App'x at 884. As a result, this Court has no subject matter jurisdiction over Plaintiff's FTCA claims.

Plaintiff's second claim for relief, brought pursuant to the ADA, is murkier. On the one hand, Plaintiff appears to challenge the denial of his application for VRRAP benefits based on his age. Plaintiff argues that Defendants failed to comply with the VA's internal age discrimination policy, 38 C.F.R. § 18.511, and that the VA's "benefit-of-the-doubt doctrine"[4] required the Secretary to construe ambiguities his favor (Doc. 1, ¶¶ 1–7, 19–23, 39). It is unclear how Plaintiff would have been able to receive the "benefit of the doubt" as, by his own admission, his age precluded him from qualifying for VRRAP benefits and there do not appear to be any ambiguities as to his age when he applied for the program. Regardless, as previously discussed, this Court does not have subject matter jurisdiction over any allegations related to Plaintiff's application for VA benefits.

On the other hand, however, Plaintiff also seems to be arguing that the age cap in the VRRAP legislation is itself in violation of the ADA. In that case, Plaintiff's second

---

[4] *See* 38 U.S.C. § 5107(b) ("The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.").

claim fails to state a claim upon which relief may be granted. First, the Court notes that the ADA does not regulate the conduct about which Plaintiff complains. While the ADA prohibits discrimination on the basis of age in "any program or activity receiving Federal financial assistance," 42 U.S.C. § 6102, the term "program or activity" does not include federal entities. *See* 42 U.S.C. § 6107(4). And, as Plaintiff points out, the ADA exempts from its coverage "any program or activity established under authority of law which (A) provides any benefits or assistance to persons based upon the age of such persons; or (B) establishes criteria for participation in age-related terms." 42 U.S.C. § 6103(b)(2). The VRRAP is a program established under authority of law that establishes criteria for participation in age-related terms. Thus, the Court concludes that the ADA does not apply to the VRRAP. As a result, the Court also finds that Plaintiff has failed to state a claim upon which relief may be granted.

Because, however, "courts must generally give a *pro se* party at least one opportunity to amend before dismissing the complaint," the undersigned recommends permitting Plaintiff one opportunity to amend his complaint to address why this Court should have jurisdiction over his claims. *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1377 (M.D. Fla. 2014), *aff'd* 626 F. App'x 935 (11th Cir. 2015) (citations omitted).

Accordingly, it is **RECOMMENDED:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO REPORTED** in Tampa, Florida, on December 7, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.