UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BURTON,

    Plaintiff,

v.                                            Case No: 8:23-cv-1372-CEH-SPF

UNITED STATES OF AMERICA,
DENNIS RICHARD MCDONOUGH
and DEPARTMENT OF VETERANS
AFFAIRS,

    Defendants.
_____

**<u>ORDER</u>**

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Sean P. Flynn (Doc. 6). In the R&R, Magistrate Judge Flynn recommends that Plaintiff John Burton's Motion to Proceed *In Forma Pauperis* (Doc. 2) be denied and his Complaint (Doc. 1) be dismissed, without prejudice, based on Magistrate Judge Flynn's review under 28 U.S.C. § 1915.

Plaintiff, who is proceeding *pro se*,[1] has filed five Objections to the R&R in

---

[1] Parties who are proceeding *pro se*, which means without a lawyer, should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. Those rules can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. Civil forms, including form complaints, are available at the following hyperlink: https://www.flmd.uscourts.gov/forms/all/civil-forms.

Several free resources are available for *pro se* parties. The Court encourages *pro se* parties to consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.fmd.uscourts.gov/litigants-without-lawyers. A pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may also seek assistance directly from the

accordance with 28 U.S.C. § 636(b)(1). Docs. 7-12.[2] Upon consideration of the R&R, Plaintiff's objections, and the Court's independent examination of the file, the Court will overrule the objections, adopt the R&R, and dismiss the Complaint without prejudice and with leave to amend.

## BACKGROUND

On June 20, 2023, Plaintiff filed a Complaint against the Department of Veteran Affairs ("VA") to challenge the denial of his application to receive benefits from the Veteran Rapid Retraining Assistance Program ("VRAPP"). Doc. 1. Plaintiff explains that his application was denied because he is 67 years old, and VRAPP did not accept participants who are older than 66. *Id.* at 1-2. He alleges that the denial was the result of the VA's ageist and racist administration of benefits. *Id.* at 4-8. Plaintiff's claims include racial discrimination under 42 U.S.C. §§ 1985 and 1986 and various torts

---

Tampa Bay Chapter of the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. In addition, the Federal Bar Association, in conjunction with Bay Area Legal Services, staffs a weekly Legal Information Clinic for *pro se* litigants. The clinic is held at the Sam M. Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida on Tuesdays from 1:00-2:30 p.m., and is available for up to three appointments (either pre-scheduled or walk-ins) of no more than thirty minutes each. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Information is available on the Court's website: https://www.flmd.uscourts.gov/legal-information-program.

[2] The Court received two documents entitled "Second Response to Report and Recommendations." Docs. 8, 10. The documents are identical except that the second (Doc. 10) contains a later date and exhibits. This Order will refer to Document No. 10 as Plaintiff's Second Response to Report and Recommendations and will not otherwise address Document No. 8.

Further, although the fourth and fifth objections (Docs. 11 and 12) were filed outside of the statutory objection period, *see* 28 U.S.C. § 636(b)(1) (a party has fourteen days to object to an R&R), the Court will consider the merits of all five objections considering Plaintiff's *pro se* status and timely first, second, and third objections.

under the Federal Tort Claims Act ("FTCA"). *Id.* ¶¶ 37-57. He contends that he has exhausted his administrative remedies pursuant to FTCA requirements. *Id.* ¶¶ 29-36.

Plaintiff also moved to proceed *in forma pauperis*. Doc. 2. The motion was referred to the magistrate judge, who issued an R&R on Plaintiff's motion on December 7, 2023. Doc. 6. While finding that Plaintiff is financially eligible to proceed *in forma pauperis*, the magistrate judge recommended that the Complaint be dismissed for lack of subject matter jurisdiction. *Id.* Specifically, the magistrate judge found that Plaintiff's claims were precluded by the Veterans' Judicial Review Act ("VJRA"), which provides exclusive jurisdiction over all challenges to VA decisions "that affect[] the provision of benefits" to the Board of Veterans' Appeals. *Id.* at 5-6, citing 38 U.S.C. §§ 511(a), 7104(a).[3] The magistrate judge further found that Plaintiff was also attempting to allege that VRAPP's age cap violated the Age Discrimination Act of 1975, 42 U.S.C. § 6102 ("ADA"). Doc. 6 at 10. Although this type of claim would not be precluded under the VJRA, the magistrate judge found that the allegations did not state a claim upon which relief may be granted. *Id.* at 9-10. As a result, the magistrate judge recommended that the Complaint be dismissed without prejudice and with leave to amend. *Id.* at 10. Plaintiff now objects to the R&R. Docs. 7-12.

---

[3] In turn, benefits decision appeals that are denied by the Board of Veterans' Appeals may be appealed to the Court of Appeals for Veterans Claims, then to the Court of Appeals for the Federal Circuit, then to the United States Supreme Court. 38 U.S.C. §§ 7252(a), 7266(a), 7292.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to prepare recommendations for the disposition of a motion. A party may file written objections to the proposed findings and recommendations. *Id.* § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Under section 1915(a)(1), an individual may commence an action without paying filing fees by submitting an affidavit detailing that they are unable to afford the fees. Section 1915(e)(1)(2) directs the court to dismiss the action if it determines that (A) the allegation of poverty is untrue, or (B) the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In addition, because federal courts are courts of limited jurisdiction, the court must ensure that it has subject matter jurisdiction over

the action before it may proceed. *See Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).

## DISCUSSION

Each of Plaintiff's Objections will be discussed in turn. First, two of them contend that Plaintiff did not consent to having his case decided by a magistrate judge. Doc. 7 at 2-3; Doc. 12. However, as discussed in the previous section, the Court may designate a magistrate judge to issue a report and recommendation on a motion. 28 U.S.C. § 636(b)(1)(B). The Court may then choose whether to adopt the magistrate judge's recommendation after its own independent review of the file. *Id.* § 636(b)(1)(C). Because the R&R is not a final order, the parties' consent is not needed.

Plaintiff's third Objection contends that he is financially eligible for *in forma pauperis* status. Doc. 9. The magistrate judge agreed with Plaintiff's contention, but correctly recognized that financial need is not the end of the analysis. Doc. 6 at 5. Before a party may receive *in forma pauperis* status, the court is also obligated to review the Complaint to determine whether it is due to be dismissed, just as the magistrate judge did here. *See* 28 U.S.C. § 1915(e)(1)(2). The third Objection is also due to be overruled.

Plaintiff's Fourth Objection challenges the substance of the R&R's finding that the Complaint should be dismissed for lack of subject matter jurisidction. Doc. 11. Plaintiff asserts that "[i]t is clear that Plaintiff['s] complaint complains principally that the statu[t]e violates the Age Discrimination Act of 1974," a claim over which this

5

Court would have jurisdiction. *Id.* at 1-2, citing *Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532 (11th Cir. 1996).

The VJRA precludes judicial review by federal district courts of a decision by the Secretary of the Department of Veterans' Affairs that "affects the provision of benefits" to veterans. *See Smith v. United States*, 7 F.4th 963, 965 (11th Cir. 2021), quoting 38 U.S.C. § 511(a). District courts lack subject matter jurisdiction over challenges to "any and all determinations by the Secretary as to eligibility, entitlement, or the scope of benefits," and any decision made "in the course of" making a benefits determination. *Smith*, 7 F.4th 963, 985.

Here, the magistrate judge correctly found that all five identified "claims for relief" in the Complaint challenge the VA's administration of his claim for benefits. *See* Doc. 1 ¶¶ 8-13, 37-38 (VA's denial of benefits was racially discriminatory), ¶ 39 (VA failed to give Plaintiff the benefit of the doubt in its review of his claim for benefits), ¶¶ 42-44 (VA officials breached the duty to administer benefits in a non-discriminatory manner, resulting in the denial of benefits to Plaintiff), ¶ 49 ("The failure of VA officials and employees to maintain a racially neutral system of administering benefits led to a higher likelihood that he would be denied benefits, thus creating a risk of psychological harm."), ¶ 55 (VA officials "failed to instruct VA staff on how to distribute benefits in a racially neutral way, …causing Plaintiff to file his claims in a system that was racially discriminatory, lowering his chances of receiving the benefits he deserved."). These claims are within the exclusive purview of the VA. Although Plaintiff states that the Complaint "principally" alleges that the VRAPP's

6

age cap violates the ADA, Doc. 11 at 2, such a claim is not included among the five identified claims, nor otherwise affirmatively alleged in the Complaint. The Court agrees with the magistrate judge that it lacks subject matter jurisdiction over the five identified claims. *See* Doc. 6 at 6-9.[4]

To the extent the Complaint also alleges that the VA's denial of Plaintiff's application to participate in VRAPP violated "its own internal ADA policies," *see* Doc. 1 ¶ 5, or the ADA itself, *id.* ¶¶ 1, 6, those claims would also fall within the exclusive jurisdiction of the VA and its appellate courts. If, on the other hand, the Complaint intends to allege a facial challenge to VRAPP's statutory age cap, such a claim is likely not precluded by the VJRA. *See, e.g.*, *Prewitt v. McDonough*, 633 F.Supp.3d 195, 201-205 (D.D.C. 2022) (collecting cases, concluding "courts may exercise jurisdiction over facial attacks on statutory provisions, because adjudicating such claims does not require courts to inquire into or pass judgment on VA decisions regarding benefits requests."). However, the Court agrees with the magistrate judge that the Complaint fails to state a claim upon which relief may be granted for a claim that VRAPP's age cap violates the ADA. *See* Doc. 6 at 9-10. As the magistrate judge explained, the ADA excludes from coverage all federal entities and any age-based benefits criteria established via statute. *Id.*, citing 42 U.S.C. §§ 6107(4), 6103(b)(2). Accordingly, Plaintiff's ADA claim is also due to be dismissed.

---

[4] Plaintiff's reliance on *Babb v. Secretary, Dep't of Veterans Affairs*, 992 F.3d 1193 (11th Cir. 2021) and *Babb v. Wilkie*, 589 U.S. 399 (2020), Doc. 12 at 2, is unavailing. The plaintiff in *Babb* was a VA employee who was alleging employment discrimination; she was not challenging a decision related to VA benefits.

The next basis for Plaintiff's Objections is that he has exhausted his administrative remedies as required by the FTCA. Doc. 7 at 1; Doc. 10 at 1.  He also asserts that he is not subject to an FTCA exception that prevents active-duty members of the Armed Forces from suing the United States. Doc. 7 at 2.  However, neither of these contentions is relevant to the magistrate judge's conclusion that Plaintiff's FTCA claims amount to a challenge to the denial of benefits, over which this Court lacks subject matter jurisdiction under the VJRA.  Accordingly, they are due to be overruled.

Lastly, Plaintiff argues that it was the VA's Torts Law Group which classified his claims as falling under the FTCA and which directed him to file his case in federal district court. Doc. 11 at 2; Doc. 8 at 1.  He is referring to a letter he received from the VA notifying him that it was denying his administrative tort claims. Doc. 1-1.  Upon review, the Court does not find that the letter contains any misrepresentations.  The letter correctly states that Plaintiff's claims were brought under the FTCA, as Plaintiff is, indeed, alleging that the VA committed various torts against him when it denied him benefits. *Id.*; Doc. 1 ¶¶ 39-57.  As the reason for denying his claims, the letter explains that the VJRA precludes consideration of his tort claims for the same reasons detailed in this Order, and provides instruction for filing an appeal of his benefits decision through VJRA procedures instead. Doc. 1-1.  The end of the letter states,

> If you are dissatisfied with the VA's denial of your claim, you may file suit directly under the FTCA[.]  The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a proper Federal District Court.

8

*Id.* This information was not erroneous. Plaintiff was permitted to appeal the VA's denial of his administrative tort claims in this Court—but this Court concludes that it lacks jurisdiction over the type of claims he is asserting, just as the VA found when it denied them. As the VA correctly stated, the only available avenue to challenge the benefits decision is through the VJRA.

Plaintiff's Objections to the R&R are therefore due to be overruled, and his Complaint dismissed. However, the dismissal will be without prejudice, and Plaintiff will be granted the opportunity to redraft his claims in an amended complaint. He is cautioned that the failure to file an Amended Complaint within the time prescribed will result in the case being dismissed, without prejudice and without further notice.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections to the Report and Recommendation (Docs. 7-12) are **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Sean P. Flynn on December 7, 2023 (Doc. 6) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED without prejudice.** Upon filing an amended complaint, Plaintiff may also file a renewed motion for leave to proceed *in forma pauperis*.

4. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Court grants Plaintiff leave to file an Amended Complaint which corrects the deficiencies addressed in this Order and that complies with the Federal Rules of Civil Procedure within **TWENTY-ONE (21) DAYS** of the date of this Order. Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 15, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties