UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BURTON,

      Plaintiff,

v.                                                          CASE NO. 8:23-cv-1372-CEH-SPF

UNITED STATES OF AMERICA,
DENNIS RICHARD MCDONOUGH,
and DEPTARMENT OF VETERANS
AFFAIRS,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is the Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 30), and the Third Amended Complaint (Doc. 24) filed by *pro se* Plaintiff John Burton (a/k/a Jamaal Ali Bilal). The Court recommends that the motion be denied and the case dismissed.

Plaintiff purports to sue the United States of America, the Department of Veterans Affairs ("VA"), and Dennis McDonough, the Secretary of the VA, to challenge the denial of his application to receive benefits from the Veteran Rapid Retraining Assistance Program (Doc. 24). Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.    28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

On December 7, 2023, based on a review under 28 U.S.C. § 1915, the undersigned issued a Report and Recommendation ("R&R") recommending that Plaintiff's initial motion to proceed *in forma pauperis* (Doc. 2) be denied and Plaintiff's Complaint (Doc. 1) be dismissed because his purported claims were either precluded by the Veterans Judicial Review Act or otherwise failed to state a cause of action (Doc. 6).    Nonetheless, the R&R recommended allowing Plaintiff to file a renewed motion to proceed *in forma pauperis* and an Amended Complaint which corrects the deficiencies identified in the R&R.    Plaintiff then filed at least five separate objections to the R&R (Docs. 7–12).    Ultimately, the district judge overruled Plaintiff's objections and adopted the R&R, thereby granting leave for Plaintiff to file an Amended Complaint and renewed motion to proceed *in forma pauperis* (Doc. 16).    Now, Plaintiff's renewed motion and Third Amended Complaint are before the Court. [1]

But here, the Court does not reach its analysis under 28 U.S.C. § 1915.    In *Jamaal Ali Bilal fka John L. Burton, aka Superman v. Fnu Fennick, et al.*, No. 2:16-cv-799-FtM-29MRM, the district judge reviewed Plaintiff's Middle District of Florida filings dating back to December 2018, which – at the time of the district judge's August 2019 Order –

---

[1] While Plaintiff was given leave to file an Amended Complaint (*see* Doc. 16), Plaintiff successively filed, without leave, an Amended Complaint (Doc. 22), a Second Amended Complaint (Doc. 23), and a Third Amended Complaint (Doc. 24).

numbered 54: "The Court has spent countless hours reviewing the allegations in Bilal's numerous complaints, amended complaints, and other pleadings. . . . Bilal has filed multiple actions seeking redress of claims for which the Court has determined could not state a constitutional violation or for which a private right of action does not exist." (No. 2:16-cv-799-FtM-29MRM, Doc. 40).[2]  The Court concluded that Plaintiff was abusing the court system and entered a filing injunction against him "because his multiple vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." (*Id.*, attached to this Order).

The injunction requires Plaintiff to seek leave of Court before filing any lawsuit in the Middle District of Florida and, "[i]n seeking leave, Bilal must inform the Court of the pertinent facts about the action he wishes to bring, *including referencing the existence of this injunction* and any other pending litigation against the proposed defendants." (*Id.*, emphasis added).  Before initiating this case, Plaintiff did not disclose to the Court the existence of the filing injunction; he has violated the injunction against him.

Accordingly, it is **RECOMMENDED:**

1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 30) be **DENIED** and the case **DISMISSED**; and

2.      Plaintiff be advised that future violations of the injunction may result in monetary sanctions.

---

[2] In at least one of his filings in this case, Plaintiff represents that he has changed his name to Jamaal Ali Bilal, but he maintains the name John Burton for military purposes (Doc. 25 at 3 n.1).

**IT IS SO REPORTED** in Tampa, Florida, on September 9, 2024.

_____

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.