UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BURTON,

    Plaintiff,

v.                                                  Case No: 8:23-cv-1372-CEH-SPF

UNITED STATES OF AMERICA,
DENNIS RICHARD MCDONOUGH
and DEPARTMENT OF VETERANS
AFFAIRS,

    Defendants.
_____

# ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Sean P. Flynn (Doc. 31). In the R&R, Magistrate Judge Flynn recommends that Plaintiff John Burton's Motion to Proceed *In Forma Pauperis* (Doc. 30) be denied and the action dismissed because of a filing injunction against Burton in the Middle District of Florida.

Plaintiff, who is proceeding *pro se*,[1] has filed a Motion for Reconsideration, which the Court construes as an Objection in accordance with 28 U.S.C. § 636(b)(1). Doc. 34. Upon consideration of the R&R and Plaintiff's construed Objection, and the

---

[1] Plaintiff has filed several motions to appoint counsel, all of which have been denied. *See* Docs. 13, 20, 25, 26, 29; Docs. 15, 21, 32. He has also moved for class certification and appointment of class counsel. *See* Docs. 27, 33. The Court denied his first motion for class certification as premature, Doc. 28; his renewed motion remains pending.

Court's independent examination of the file, the Court will overrule the construed Objection, adopt the R&R, and dismiss this action.

## BACKGROUND

Plaintiff filed a Complaint against the Department of Veteran Affairs on June 20, 2023, to challenge the denial of his application to receive benefits from the Veteran Rapid Retraining Assistance Program ("VRRAP") due to his age. Doc. 1. He also moved to proceed *in forma pauperis*. Doc. 2. The magistrate judge issued an R&R on December 7, 2023, recommending that the motion to proceed *in forma pauperis* be denied and the Complaint dismissed without prejudice for lack of subject matter jurisdiction. Doc. 6. This Court adopted the R&R, overruled Plaintiff's five Objections, and dismissed the Complaint without prejudice on May 15, 2024. Doc. 16.

Plaintiff subsequently filed an Amended Complaint[2] and a renewed motion to proceed *in forma pauperis*. Docs. 24, 30. In the Third Amended Complaint, like the original Complaint, Plaintiff seeks to challenge the denial of his application to receive benefits from VRRAP. Doc. 24. The Third Amended Complaint does not contain a list of causes of action; instead, it presents arguments against the Court's dismissal of the original Complaint. *See id.*

The magistrate judge issued an R&R on Plaintiff's renewed motion to proceed *in forma pauperis* on September 9, 2024. Doc. 31. The R&R recommends that the

---

[2] In fact, Plaintiff filed three Amended Complaints that are nearly identical. *See* Docs. 22, 23, 24. This Order will address the most recent, the Third Amended Complaint.

2

motion be denied and the action dismissed. *Id.* Without reaching the merits of the motion or the Third Amended Complaint, the R&R observed that Plaintiff, under the name Jamaal Ali Bilal, was subject to a filing injunction from a prior case that required him to seek leave of Court before filing any lawsuit in the Middle District of Florida, and to disclose the existence of the filing injunction when he did so. *Id.* at 2-3. Because Plaintiff neither sought leave nor disclosed the existence of the injunction in this action, he is in violation of the filing injunction. *Id.* at 3. The R&R therefore recommended that the action be dismissed. *Id.*

In Plaintiff's Motion for Reconsideration, which the Court construes as an Objection to the R&R, Plaintiff argues that the filing injunction does not apply to this action because it applies only to the Fort Myers division of the Middle District of Florida; Plaintiff has filed only two cases in the Tampa division. Doc. 34 at 8-9. He also argues that the injunction's notice requirement is unlawful. *Id.* at 9. Finally, Plaintiff asserts that he may raise his challenge to VRRAP in this Court pursuant to *Traynor v. Turnage*, 485 F.S. 535 (1988). *Id.*

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to prepare recommendations for the disposition of a motion. A party may file written objections to the proposed findings and recommendations. *Id.* § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## DISCUSSION

In his construed Objection, Plaintiff first challenges the R&R's application of a filing injunction issued by the Middle District of Florida's Fort Myers division to the instant action in the Tampa division. Doc. 34 at 8. He also challenges the injunction's notice requirement. *Id.* at 9.

On August 21, 2019, Senior District Judge John E. Steele issued the following injunction against Plaintiff:

> Before filing any lawsuit with this Court, Bilal is ordered to seek leave of court. In seeking leave, Bilal must inform the Court of the pertinent facts about the action he wishes to bring, including referencing the existence of this injunction and any other pending litigation against the proposed defendants.
>
> The proposed action will be reviewed and screened by a Magistrate Judge in the division in which the action is sought to be filed. A Magistrate Judge will determine whether the proposed action has arguable merit. If a Magistrate Judge's preliminary review results in a finding that Bilal's proposed action is frivolous, that proposed action will not be filed with the Court but will be returned to Bilal. If the Court issues such a finding, then Bilal will be subject to sanctions such as a monetary assessment. *See In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995). If a Magistrate Judge's preliminary review results in a finding that Bilal's proposed

> action is not frivolous, then a Magistrate Judge will direct the Clerk to file his case.

*Bilal v. Fennick*, No. 2:16-cv-799, Doc. 40, 6-7 (M.D. Fla. Aug. 21, 2019).

Contrary to Plaintiff's argument, the injunction applies to all actions filed in the Middle District of Florida, not just the Fort Myers division. *See id.* ("Before filing any lawsuit with *this Court*… The proposed action will be…screened by a Magistrate Judge *in the division in which the action is sought to be filed*.") (emphasis added). The Middle District of Florida is made up of five divisions, including Fort Myers and Tampa. Accordingly, the injunction applies to the instant action even though it was filed in the Tampa division of the Middle District of Florida. *Cf. Bilal v. Fennick*, 740 F. App'x 705, 706 (Mem) (11th Cir. 2018) (filing injunction that "by its terms, applied to only new civil actions in the United States District Court for the Northern District of Florida" did not apply to an action filed in the Middle District of Florida).

Nor does Plaintiff's prior appeal in *Bilal v. Fennick*, 740 F. App'x 705, support his argument against the injunction's requirements. In *Bilal v. Fennick*, the Eleventh Circuit noted that a filing injunction "cannot be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Id.* at 706. Here, however, the R&R directly relied on the injunction's requirement that Plaintiff seek leave of Court by providing information about the proposed action that would allow a magistrate judge to screen it and determine whether it is frivolous. Plaintiff's argument is unavailing.

The Court therefore agrees with the R&R that this action violates the August 21, 2019 filing injunction and it is due to be dismissed. Plaintiff's construed Objection is due to be overruled.

In the alternative, however, even if the Court reviewed the merits of the Third Amended Complaint, it would find that the Third Amended Complaint is due to be dismissed for lack of subject matter jurisdiction. *See Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999) (federal courts must ensure that they have subject matter jurisdiction over the action before they may proceed; "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

As detailed in this Court's May 15, 2024 Order, the magistrate judge's December 7, 2023 R&R, and various communications to Plaintiff by other parties,[3] Plaintiff's claims are barred by the Veterans' Judicial Review Act ("VJRA"). The VJRA precludes judicial review by federal district courts of a decision by the Secretary of the Department of Veterans Affairs that "affects the provision of benefits" to veterans. *See Smith v. United States*, 7 F.4th 963, 965 (11th Cir. 2021), quoting 38 U.S.C. § 511(a). District courts lack subject matter jurisdiction over challenges to "any and all determinations by the Secretary as to eligibility, entitlement, or the scope of benefits," and any decision made "in the course of" making a benefits determination. *Smith*, 7 F.4th 963, 985. Here, the Third Amended Complaint still seeks to challenge

---

[3] *See* Doc. 1-1 (VA denial of administrative tort claim); Doc. 25-1 at 1 (legal advice letter from Bay Area Legal Services)

6

the VA's decision that Plaintiff is ineligible for VRAPP due to his age. *See* Doc. 24. This constitutes a challenge to a benefits decision that must be appealed through the Board of Veterans' Appeals rather than this Court.

Plaintiff's reliance on *Traynor v. Turnage*, 485 U.S. 535 (1988) is unavailing. *See* Doc. 34 at 9; Doc. 24 ¶¶ 64-82. As the Eleventh Circuit explained in *Smith*, the Supreme Court decided *Traynor* based upon a prior version of the VJRA. *See Smith*, 7 F.4th at 974. Congress then amended the VJRA in response to the *Traynor* decision, expanding its language to ensure that it would preclude judicial review of benefits decisions. *Id.* at 975. Thus, Plaintiff cannot rely on *Traynor*'s holding to argue that his claims are not precluded.[4]

The May 15, 2024 Order granted Plaintiff the opportunity to amend his Complaint to correct the deficiencies addressed in the Order. Doc. 16 at 9-10. Rather than redrafting his claims, however, Plaintiff filed a Third Amended Complaint that raises arguments attempting to refute the reasons stated in the May 15 Order. The Third Amended Complaint does not state a valid claim over which this Court has subject matter jurisdiction.

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise

---

[4] Plaintiff's arguments regarding *Traynor* refer to the Americans with Disabilities Act and the Rehabilitation Act of 1973, but the applicability of those statutes to his claims is not clear. As the Court discussed in its May 15, 2024 Order, the ADA excludes from coverage all federal entities and any age-based benefits criteria established by statute. *See* Doc. 16 at 7. And, although the VJRA does not preclude facial challenges to statutory provisions, *see id.*, Plaintiff's Third Amended Complaint does not contain such a cause of action.

7

conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). Accordingly, for the reasons stated in the May 15, 2024 Order and the magistrate judge's R&R, the Third Amended Complaint is due to be dismissed.[5]

It is **ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. 34), construed as an Objection to the Report and Recommendation, is **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Sean P. Flynn on September 9, 2024 (Doc. 31) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 30) is **DENIED**, and this action is **DISMISSED**.

4. Plaintiff's Motion for Writ of Ad Testificandum (Doc. 36) is **DENIED**.

5. The Clerk is directed to terminate all pending motions and deadlines and **CLOSE** this case.

6. Plaintiff is advised that future violations of the filing injunction may result in monetary sanctions.

---

[5] On October 1, 2024, after the conclusion of the fourteen-day objection period pursuant to 28 U.S.C. § 636, Plaintiff filed a "Motion for Writ of Ad Testificandum" in which he asked "to provide evidence seeking reversal of [the] R&R." Doc. 36. He did not specify the nature of the evidence or the reason for his belated request. In any event, the Court finds that evidence and testimony are unnecessary to resolve the R&R. Plaintiff's motion is therefore denied.

**DONE** and **ORDERED** in Tampa, Florida on October 1, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties