# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHN BURTON,

    Plaintiff,

v.                                                           Case No: 8:23-cv-1372-CEH-SPF

UNITED STATES OF AMERICA,
DENNIS RICHARD MCDONOUGH
and DEPARTMENT OF VETERANS
AFFAIRS,

    Defendants.

_____

## ORDER

This matter comes before the Court on Plaintiff John Burton's Motion to Accept Belated IFP Filing (Doc. 42). Proceeding *pro se*, Plaintiff asks the Court to accept a late filing of his motion to appeal in forma pauperis ("IFP"). However, because the United States Court of Appeals for the Eleventh Circuit has already dismissed his appeal, the Court is not authorized to grant the relief Plaintiff seeks.

## DISCUSSION

On October 21, 2024, Plaintiff filed a timely Notice of Appeal of this Court's Order, dated October 1, 2024, denying Plaintiff's motion to proceed IFP and dismissing the action. Docs. 39, 37. On November 21, 2024, the Court of Appeals for the Eleventh Circuit dismissed the appeal for want of prosecution, because Plaintiff failed to pay the filing fees or timely move to appeal IFP. Doc. 41, citing 11th Cir. R. 42-1(b).

Plaintiff now asks the Court to accept a late IFP filing, explaining that he timely submitted a request to appeal IFP to this Court, but, unbeknownst to him and through no fault of his own, the Court did not receive it. Doc. 42. He attaches an IFP affidavit as well as a motion to appoint counsel on appeal that he states includes his grounds for appeal. Docs. 42-1, 42-2.

Under Federal Rule of Appellate Procedure 24,

> [A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

The Eleventh Circuit issues a notice cautioning appellants that it will dismiss their appeal if they do not pay the filing fee or file a motion to appeal IFP in the district court within 14 days of the date of the notice. *See Burton v. USA, et al.*, No. 24-13487, Doc. 1-1 (11th Cir. Oct. 24, 2024), citing 11th Cir. R. 42-1(b). Once an appeal has been dismissed, the appellant must file a motion to reinstate the appeal and remedy the defect that caused the dismissal. 11th Cir. R. 42-1(b), 27-5.

Here, the Eleventh Circuit dismissed Burton's appeal when the court docket did not reflect that he had timely moved for leave to appeal IFP. This Court is not authorized to reinstate an appeal that the Eleventh Circuit has dismissed. As a result,

2

it cannot grant Plaintiff's request to accept a late filing of a motion to appeal IFP. Burton's motion is therefore due to be denied, to the extent it requests such relief.[1]

To the extent Plaintiff seeks to reinstate his appeal, he must file a motion to reinstate his appeal in the Eleventh Circuit. In addition, because the Eleventh Circuit's rules require an appellant seeking to reinstate his appeal to remedy the default that caused its dismissal, Plaintiff must also file a motion to appeal IFP in this Court that complies with F.R.A.P. 24.[2]

Accordingly, it is **ORDERED**:

1. Plaintiff John Burton's Motion to Accept Belated IFP Filing (Doc. 42) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2025

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] This Order does not reach the merits of Burton's request for leave to appeal IFP, which is not yet properly before the Court.

[2] Burton is encouraged to consult the resources for unrepresented parties that are available on the Eleventh Circuit's website: https://www.ca11.uscourts.gov/pro-se-forms-and-information